**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANET SOBEL and DANIEL DUGAN, PhD.,

Plaintiffs-Appellees,

v.

HERTZ CORPORATION,

Defendant-Appellant.

No.    14-17349

D.C. No.
3:06-cv-00545-LRH-RAM

MEMORANDUM[*]

JANET SOBEL and DANIEL DUGAN, PhD.,

Plaintiffs-Appellants,

v.

HERTZ CORPORATION,

Defendant-Appellee.

No.    14-17408

D.C. No.
3:06-cv-00545-LRH-RAM

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted December 12, 2016

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Hertz Corporation (Hertz) appeals the district court's orders (1) holding that Hertz violated Nevada Revised Statutes § 482.31575,[1] (2) awarding restitution and prejudgment interest as remedies for the statutory violation, (3) holding that Hertz was liable for unjust enrichment, (4) rejecting Hertz's argument that § 482.31575 violates the First Amendment, (5) rejecting Hertz's argument that the voluntary payment doctrine applies as an affirmative defense in this case, and (6) certifying the class. Plaintiffs Janet Sobel and Daniel Dugan (plaintiffs) cross-appeal the district court's dismissal of its Nevada Deceptive Trade Practices Act (DTPA) claim. For the following reasons, we **REVERSE** the district court's holdings that Hertz violated § 482.31575 and is liable for unjust enrichment. We **VACATE** the district court's restitution and prejudgment interest awards, and its holdings on Hertz's First Amendment and voluntary payment doctrine defenses. We **AFFIRM** the district court's orders certifying the class and dismissing plaintiffs' DTPA claim.

"[W]hen a statute is facially clear, [we] should not go beyond its language in determining its meaning." *Nev. State Democratic Party v. Nev. Republican Party*,

---

[1] Section 482.31575 was amended in 2009. Unless otherwise indicated, all references to § 482.31575 are to the pre-2009 version, enacted in 1989.

256 P.3d 1, 5 (Nev. 2011).  Section 482.31575 provided:

> A short-term lessor shall advertise, quote and charge a rate for leasing a passenger car that includes the entire amount except the taxes, any fees paid to airports and any charges for mileage, that a short-term lessee must pay to lease the car for the period to which the rate applies.

Hertz "unbundled" Airport Concession Recovery Fees (ACRFs) from its base rental rates, and it argues that this practice was permissible because ACRFs are "any fees paid to airports."  Plaintiffs argue, and the district court held, that this practice violated § 482.31575 because ACRFs are not "any fees paid to airports" within the meaning of the statute.  The district court and plaintiffs point to perceived limitations on the types of fees included in "any fees paid to airports," such as whether the fees are imposed on a per-customer basis or as a percentage of gross revenue, or whether the fees are imposed by ordinance or contract.  However, the statute is clear on its face; it covers *any* fees paid to airports, without limitation.  Thus, to determine whether a charge falls into the airport fees exception, we need only ask (1) is it a fee?, and (2) is it paid to airports?  For ACRFs, the answer to both questions is yes.  ACRFs have been recognized by the Nevada legislature as fees, see, for example, § 482.313(8)(g) (2003), and Hertz paid ACRFs to airport authorities.  Pursuant to the unambiguous language of the

statute, Hertz did not violate § 482.31575.

Because there was no statutory violation, we vacate the district court's restitution and prejudgment interest awards. Further, we vacate the district court's holdings on Hertz's affirmative defenses (First Amendment and the voluntary payment doctrine) because consideration of those defenses is no longer necessary.

We also reverse the district court's holding that Hertz was unjustly enriched. "Unjust enrichment exists when [1] the plaintiff confers a benefit on the defendant, [2] the defendant appreciates such benefit, and [3] there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 257 (Nev. 2012) (internal quotation marks omitted). The district court based its liability finding on the premise that "Hertz benefitted from an unjustified windfall," as it "was without legal power to collect the unbundled ACRF." Because we hold that Hertz had legal power to collect the unbundled ACRFs, Hertz did not receive an "unjustified windfall." It would not be inequitable for Hertz to retain the benefit, because Hertz fully disclosed all rental charges to plaintiffs and passed the ACRFs to the airport authorities as required.

4

The district court did not abuse its discretion in certifying the class. Hertz challenges certification on (1) predominance of common issues, and (2) adequacy of class representatives. As to the first ground, the district court did not abuse its discretion in concluding that common questions of law or fact predominate over individual issues. *See* Fed. R. Civ. P. 23(b)(3). The case primarily concerns a question of law common to all; namely, whether Hertz's rental rate disclosures violated § 482.31575. As to the second ground, the district court did not abuse its discretion in concluding that Sobel and Dugan's previous professional connections with class counsel were not so extensive as to make them inadequate representatives. Because we affirm class certification, the class certified by the district court is bound by our holdings, including that Hertz did not violate § 482.31575 and was not unjustly enriched.

On cross-appeal, we affirm dismissal of plaintiffs' DTPA claim. Plaintiffs' claim requires a finding that Hertz knowingly violated § 482.31575. *See* §§ 41.600, 598.0923(3). Because Hertz did not violate § 482.31575, this claim fails. Moreover, as the district court found, Hertz's practices were not misleading within the meaning of the DPTA because Hertz quoted a rate including the ACRFs when plaintiffs made reservations, and did not increase the fees beyond the initial

quote. Thus, any alternative theories of liability for deceptive trade practices under the DPTA that plaintiffs advance fail, because Hertz did not engage in deceptive practices.

Each party shall bear its own costs on appeal.

**REVERSED IN PART, VACATED IN PART, AND AFFIRMED IN PART.**